UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC PEREZ SANCHEZ (A#240-574-327),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

Respondent.

No. 1:26-cv-05889-DC-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Cuba who entered the United States on February 8, 2022. ECF No. 5-1 at 2 (I-213 Form). He was placed in removal proceedings and served with a Notice to Appear ("NTA") administratively charging him with being present without being admitted or paroled into the U.S. See ECF No. 5-1 at 11. He was released from immigration detention on his own recognizance the next day. ECF No. 5-1 at 4. Petitioner applied for asylum on August 29, 2022 and was subsequently granted employment authorization by immigration

officials. ECF No. 5-1 at 15.

Petitioner was arrested on criminal charges in Tampa, Florida on February 1, 2026. ECF No. 5-1 at 15. All of the pending criminal charges against Petitioner were dropped by the local prosecutor on February 20, 2026. ECF No. 11 (Clerk's Certificate of Disposition).

Petitioner was re-detained by immigration officials on February 20, 2026, the same day his criminal charges were dropped. ECF No. 5-1 at 17 (Administrative Arrest Warrant). He was transferred to the Mesa Verde Detention Facility located in this judicial district on or about June 14, 2026. ECF No. 1 at 6. Petitioner requested a custody redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). However, the IJ took "no action" on Petitioner's request for a custody hearing. ECF No. 5-3 at 1-2 (Order of the IJ).

Petitioner filed the pending § 2241 application on July 27, 2026, challenging his immigration detention on the grounds that it violates his Fifth Amendment right to procedural due process clause. ECF No. 1. At the time of filing, Petitioner had been detained for over five months without any bond hearing to determine whether his detention was justified based on a danger to the community or a flight risk. ECF No. 1.

On August 12, 2026, an immigration judge ("IJ") ordered Petitioner removed to Cuba. ECF No. 10-1. Petitioner reserved his right to appeal that decision. ECF No. 10-1 at 4. The Court ordered Petitioner to file a status report no later than September 17, 2026 indicating whether he had appealed the IJ's order to the Board of Immigration Appeals ("BIA"). ECF No. 12. The deadline for Petitioner to respond has passed and he has not provided any evidence that he appealed the IJ's removal order. However, the Executive Office of Immigration Review's Automated Case Information website indicates that the BIA received his appeal on September 29, 2026 and that appeal remains open. See https://perma.cc/2B6B-KQMH (EOIR's Automated Case Information database searched by A# and country of origin). In addition, Respondent has not submitted any Notice of Changed Circumstances indicating that Petitioner is subject to imminent removal from the United States as required by this Court's Scheduling Order issued on July 29, 2026.

The petition is deemed submitted on the pleadings based on the above factual record. See

Local Rule 230(l).

## II. Legal Standards

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Noncitizens apprehended in the interior of United States are subject to the discretionary detention regime of 8 U.S.C. § 1226(a), not mandatory detention under § 1225(b)(2)(A). Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

Once a noncitizen is subject to an administratively final order of removal, detention is mandatory during the 90-day "removal period" following the entry of the final order of removal. See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). An order of removal becomes administratively final "only upon

the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)).

**III. Analysis**

An IJ ordered Petitioner removed on August 12, 2026. ECF No. 10-1. However, Petitioner reserved his right to appeal and his BIA appeal of that order remains pending. Therefore, Petitioner is not subject to an administratively final order of removal and is not mandatorily detained pursuant to 8 U.S.C. § 1231(a). Instead, the default detention statute at 8 U.S.C. § 1226(a) applies in this case. Respondent acknowledges as much in their answer to the petition asserting that the Ninth Circuit decision in Rodriguez Vasquez, 183 F.4th at 1165, applies to this case. ECF No. 5 at 1.

Petitioner has not been provided any of the procedural protections against unjustified detention required by § 1226(a). Petitioner has been denied those statutory protections for a period of more than eight months in this case, which constitutes a procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Given that Respondent has failed to provide Petitioner any process to guard against unjustified detention for many months, the appropriate remedy is immediate release from immigration detention.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner ERIC PEREZ SANCHEZ

(A#240-574-327) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Mesa Verde Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE